UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KEVIN K., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-04168-SLD-JEH |
| KILOLO KIJAKAZI,[1] | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Kevin K.'s motion for attorney's fees, ECF No. 19, and Kevin and Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("the Commissioner") joint Stipulation to Award of Attorney Fees and Costs, ECF No. 20. Kevin asks that the Court award him $9,263.50 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the stipulation is GRANTED, and the motion is therefore MOOT.

**BACKGROUND**

Kevin filed this suit on August 3, 2020, seeking judicial review of the Commissioner's final decision denying his claim for disability benefits. Compl. 1, ECF No. 1. After Kevin moved for summary judgment on March 8, 2021, ECF No. 12, the parties jointly moved to remand the case to the Commissioner for further administrative proceedings, ECF No. 16. On June 15, 2021, the Court granted the joint motion, mooted the summary judgment motion, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

1

to sentence four of 42 U.S.C. § 405(g). June 15, 2021 Order, ECF No. 17. Judgment was entered June 21, 2021. Judgment, ECF No. 18.

On September 15, 2021, Kevin moved for attorney's fees under the EAJA, and on September 29, 2021, the parties filed the joint stipulation. The Court then directed Kevin to submit supplemental briefing, Oct. 21, 2021 Text Order, which Kevin filed on November 5, 2021, ECF No. 21.

## DISCUSSION

### I.    Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Kevin is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Kevin's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application

for fees and expenses within 30 days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id*. at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e*., 30 days after the time for appeal has ended."). Here, judgment was entered on June 21, 2021, and Kevin filed his motion on September 15, 2021, 86 days later. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), with an additional 30-day allowance in accordance with § 2412(d)(1)(B). Because Kevin's motion for attorney's fees falls within this 90-day window, the Court finds his request is timely.

The next issue is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Kevin's request for attorney's fees is unopposed by the Commissioner. *See* Stipulation Award Att'y Fees. The Commissioner thus cannot be said to have met her burden of

3

establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Kevin is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Kevin's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Kevin's attorney's itemization of hours. Itemization Hours, ECF No. 19-1. The itemization shows that Kevin's attorney spent 49.5 hours on his case.[2] *Id*. at 1–4. The Court finds that all 49.5 hours

---

[2] The itemization also shows that Kevin's attorney's support staff spent a quarter of an hour, billed at a $40 hourly rate, on tasks identified as "Filing of Complaint, Civil Cover Sheet, IFP, and Attorney Appearance." Itemization

4

spent on this case were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Kevin asserts that his attorney's work should be compensated at hourly rates of $197.85, $199.12, and $196.53. Itemization Hours 2, 4. To justify the requested rates, he points to the change in the regional consumer price index ("CPI") between the time Congress set the rate cap at $125 per hour (March 1996) and the average CPIs in February 2021, March 2021, and July 2021, when his attorney worked on this case.[3] *Id*. at 6–7. An attorney admitted to the Central District attests that rates higher than those requested rates would be reasonable for attorneys with similar qualifications and skills. Johnson Aff., ECF No. 19-3.

Generally, courts multiply the $125 limit by the ratio of the CPI at the time legal services were rendered to the CPI when the EAJA was enacted to determine what fee above the statutory ceiling may be authorized. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). In this case, all of the attorney work was performed in 2021. *See* Itemization Hours 1–4. The average CPI for the first nine months of 2021 was 268.7. *See* U.S. Bureau of Labor Statistics, CPI for all Urban Consumers (CPI-U), https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=da

---

Hours 1. Another court in this district recently awarded similar support staff fees to a social security plaintiff represented by Kevin's counsel. *See Christopher H. v. Comm'r of Soc. Sec.*, Case No. 19-CV-1192-JES-JEH, 2021 WL 1030974, at *3 (C.D. Ill. Mar. 17, 2021); *see also Donaldson v. Colvin*, No. 11-cv-00554-JPG, 2013 WL 1156414, at *3 (S.D. Ill. Mar. 20, 2013) ("[P]reparing the complaint and other documents to be filed is properly billable because it is work traditionally done by an attorney."). But because the parties here have stipulated to a reasonable fee award—and because the support staff fees requested in Kevin's original motion amount to $10—the Court will not mention those fees further in its analysis.

[3] The July 2021 CPI was used to calculate Kevin's counsel's CPI-adjusted hourly rate for the work he conducted in September because the July 2021 CPI was the most recent CPI available at the time the motion was filed. *See* Itemization Hours 4.

5

ta&include_graphs=true (change output option to from 1996 to 2021) (last visited Nov. 8, 2021). As the CPI was 155.7 in March 1996, *id*., the CPI has increased by a factor of 1.72575.

Thus, an increase of the $125 statutory cap to $215.72 would be warranted. That rate exceeds each of the three hourly rates sought by Kevin's attorney. Using the $215.72 hourly rate, the total amount of attorney's fees for the 49.5 hours of work Kevin's attorney performed would be $10,678.14, which is a reasonable amount. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates). However, Kevin explained in his supplemental briefing that he and the Commissioner have arrived at a settlement jointly stipulating to a fee award of $9,263.50. *See* Suppl. Br. 1. In light of the above analysis, the Court finds that the $9,263.50 fee award to which the parties have stipulated is also reasonable.

## CONCLUSION

Accordingly, Plaintiff Kevin K. and Defendant Acting Commissioner of Social Security Kilolo Kijakazi's joint Stipulation to Award of Attorney Fees and Costs, ECF No. 20, is GRANTED, and Kevin's motion for attorney's fees, ECF No. 19, is therefore MOOT. Kevin is awarded $9,263.50 in EAJA fees. This amount may be offset to satisfy any pre-existing debt that Kevin owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Kevin has assigned his right to EAJA fees to his attorney, Pl.'s Fee Assignment, ECF No. 19-4, so if the Commissioner can verify that Kevin does not owe a pre-existing debt to the United States subject to offset, the Commissioner will direct that the award be made payable to Kevin's counsel. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Kevin does owe a pre-existing debt subject to offset in an amount less

than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Kevin and mailed to the business address of Kevin's attorney.

    Entered this 10th day of November, 2021.

                                                  s/ Sara Darrow
                                                    SARA DARROW
                                      CHIEF UNITED STATES DISTRICT JUDGE